IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

COREY SMITH,

    Petitioner,

v.                                                      CASE NO. 1:14-cv-198-MP-GRJ

WILLIAM P. DIMITROULEAS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and Doc. 2, a motion to proceed *in forma pauperis*. Petitioner is presently confined at Union Correctional Institution, within the Middle District of Florida, and he challenges his sentence under 21 U.S.C. § 841(b)(1)(C). Petitioner brings two challenges to his sentence: (1) that the forty year sentence he received on count 11 of the indictment exceeded the twenty year statutory maximum sentence provided for in 21 U.S.C. § 841(b)(1)(C), and (2) that his federal sentence should not have run consecutively to his state sentence. For the reasons summarized below, the Court concludes that his petition is due to be dismissed for improper venue.

## Procedural History

Petitioner, along with fifteen other co-defendants, was indicted in the Southern District of Florida on charges of (i) Conspiracy to Possess with Intent to Distribute Cocaine and Marijuana (Count One, in violation of 21 U.S.C. § 846), (ii) Possession of a Firearm by a Convicted Felon (Counts Three and Thirteen, in violation of 18 U.S.C. § 922(g)(1)), (iii) Possession with Intent to Distribute Marijuana (Count Ten, in violation of

21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2), and (iv) Possession with Intent to Distribute Cocaine (Count Eleven, in violation of 21 U.S.C. § 841(a)(1)). (Doc. 1 at 13.) A superseding indictment, returned on March 16, 1999, added Possession of an Unregistered Firearm (Count Twelve, in violation of 26 U.S.C. §§ 5861(d), 5871) and Using a Firearm in Relation to a Drug Trafficking Crime (Count Twenty, in violation of 18 U.S.C. § 924 (c)(1), (2)). *Id.*

On October 21, 1999, Petitioner was convicted on Counts One, Three, Ten and Eleven. *USA v. Smith*, Case. No. 1:99-cr-3-WPD-1, Doc. 510 (S. D. Fla. 1999). The Court dismissed Counts Twelve and Twenty and Petitioner was acquitted of Count Thirteen. (Doc. 1 at 13.) Petitioner was sentenced on December 30, 1999 to life in prison on Counts One, Ten and Eleven and ten years in prison on Count Three. *Id.* at 14. The Court scored his guidelines at a level 47, after a four level increase for his role in the offense. *Id.* at 14.

The Eleventh Circuit Court of Appeals affirmed the judgments and convictions for Counts Ten and Eleven on August 22, 2002. *U.S. v. Allen*, 302, F.3d 1260 (11th Cir. 2002). The court, however, ordered re-sentencing on Counts One and Eleven. *Id.* On May 26, 2005, the court re-sentenced Petitioner to sixty months for Counts One and Ten, one hundred twenty months as to Count Three, and four hundred eighty months as to Count Eleven, all to run consecutively to each other and consecutive to any state court sentence imposed.[1] Petitioner's total federal sentence was sixty years in prison.

---

[1] Petitioner was tried in state court on charges of first degree murder and manslaughter. Petitioner was sentenced to death for the murders of Crystal Brown and Angel Wilson. *Smith v. State*, 7 So. 3d 473, 489-90 (Fla. 2009). He received two life

*Case No: 1:14-cv-198-MP-GRJ*

The Eleventh Circuit affirmed this sentence on November 8, 2007. (Doc. 1 at 14.)  The Supreme Court denied certiorari on March 17, 2008, and Petitioner's conviction became final on that date.  See Smith v. U.S., 557 U.S. 1270 (2008).

Petitioner filed a Motion to Vacate his sentence under 28 U.S.C. § 2255 in the Southern District of Florida on March 6, 2014.  See Smith v. U.S., Case. No. 1:14-cv-20934-WPD, Doc. 1 (S. D. Fla. March 12, 2014).  District Judge William P. Dimitrouleas dismissed the Motion to Vacate on March 17, 2014, as time-barred by the one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), and the Eleventh Circuit denied a certificate of appealability on July 23, 2014. Id. at Docs. 4, 11.

Petitioner then submitted the instant § 2241 petition to this Court on October 10, 2014.  He challenges his sentence under Count 11, arguing that the forty year sentence was beyond the twenty year statutory maximum sentence provided by 21 U.S.C. § 841(b)(1)(c). (Doc. 1 at 4.)  Petitioner states that the Court enhanced his sentence based on its finding that he was responsible for 1651.34 grams of powder cocaine and 246.2 grams of crack cocaine, although those amounts were not specified in the indictment.  (Doc. 1 at 4, 15.)  Petitioner also challenges his sentence as a violation of the temporary custody agreement because his federal sentence is to be served consecutively to the state sentence. (Doc. 1 at 6.)

---

sentences for the murders of Leon Hadley and Jackie Pope.  Id. Defendant is being held in Union County Correctional Institution on the state death sentences.

Case No: 1:14-cv-198-MP-GRJ

## Discussion

Section 2241 petitions may be brought only in the district court for the district in which the prisoner is confined.  28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)(court issuing the writ must have jurisdiction over the custodian); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir.1991)(§ 2241 petitions must be brought in the district in which the inmate is confined).  Union Correctional Institution, where Petitioner is held, is located in the Middle District of Florida, Jacksonville Division.  Thus, the Gainesville Division of the Northern District of Florida is not a proper venue for this action.

Under 28 U.S.C. § 1406, the district court of a district where venue is improper "*shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a)(emphasis added).  As explained below, transferring the case is not in the interests of justice and therefore the petition should be dismissed for improper venue.

Transfer of this petition is not in the interests of justice because there are fundamental defects with the petition.

The most serious deficiency[2] in Petitioner's § 2241 petition is that Petitioner does

---

[2] Another defect in the petition is that the Petitioner names the wrong Respondents for a § 2241 petition.  The federal habeas statute provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242.  This person is one who has the ability to produce the prisoner's body before the habeas court.  *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  Therefore, the proper respondent for this petition would be the warden of the facility where Petitioner is held, Union Correctional Institution.  Instead, Petitioner names a U.S. District Court Judge, William P. Dimitrouleas, and two Assistant U.S. Attorneys,

not meet the narrow requirements of the savings clause and thus the petition is a successive petition, which a district court does not have jurisdiction to entertain unless the Petitioner obtains permission directly from the Eleventh Circuit.

A defendant wishing to bring a collateral attack on the validity of his federal sentence is required to do so under 28 U.S.C. § 2255.  *Sawyer v. Holder*, 326 F.3d 1363 (11th Cir. 2003)  A defendant may, however, file a petition under § 2241 pursuant to the savings clause of § 2255, if an otherwise available remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention. *Id.*  A remedy under § 2255 is "inadequate or ineffective" *only when* (1) a claim is based upon a retroactively applicable Supreme Court decision, (2) the holding of the decision establishes that the petitioner was convicted for an offense that is now nonexistent, and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in trial, appeal, or § 2255 motion. *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999)(emphasis added).  The savings clause does not cover sentence claims that could have been raised in earlier proceedings. *Gilbert v. U.S.*, 640 F.3d 1293, 1319 (11th Cir. 2011).

Petitioner challenged his sentence in his direct appeal and in his § 2255 motion. *U.S. v. Smith*, 253 F. App'x 841 (11th Cir. 2007); *Smith v. U.S.,* Case. No. 1:14-cv-20934-WPD, Doc. 1 (S. D. Fla. March 12, 2014).  The Eleventh Circuit expressly

---

Harry Wallace and Anne Schultz.  These three Respondents do not have custody over Petitioner and are not properly named.  While this deficiency could be corrected by directing the Petitioner to amend even if the correct respondent was listed the petition is still fundamentally flawed.

*Case No: 1:14-cv-198-MP-GRJ*

addressed the same challenge Petitioner is making here with regard to the forty year sentence he received on Count 11. The Eleventh Circuit stated with regard to Petitioner's sentence of forty years for Count 11, that the evidence of the quantity of drugs was overwhelming and essentially uncontroverted so as to justify a maximum sentence beyond twenty years. *U.S. v. Smith*, 253 F. App'x at 843-844.  The Eleventh Circuit clarified that because the evidence of the drug quantity was clear and uncontroverted, any error under *Apprendi* was harmless. *Id.* at 844.  As to his second challenge to his sentence, Petitioner failed to raise this argument in either his direct appeal or his § 2255 motion and thus cannot demonstrate that a § 2255 motion is "inadequate or ineffective."

Petitioner, therefore, cannot invoke the savings clause - that a remedy under a § 2255 motion is "inadequate or ineffective."[3]  Petitioner raised his first challenge on his direct appeal and in his § 2255 motion, and it was rejected both times.  While Petitioner's second challenge could have been raised on direct appeal or in his § 2255 motion, Petitioner failed to do so. Accordingly, because Defendant cannot utilize the savings clause to open the portal to filing a § 2241 petition, Petitioner's § 2241 petition filed in this Court is actually a successive § 2255 motion.

A successive § 2255 petition is one that seeks to raise the same claims as the prior § 2255 motion, although the petitioner had a full and fair opportunity to raise his

---

[3] Petitioner's § 2255 motion was dismissed as untimely and, as such, a § 2255 motion that is procedurally barred by the statute of limitations does not render the collateral relief "ineffective or inadequate" to challenge the legality of detention. *Wyzykowski v. Dep't of Corrections*, 226 F.3d 1213, 1217 (11th Cir. 2000).

claim in the prior motion.  *Magwood v. Patterson*, 561 U.S. 320 (2010).  To bring a successive § 2255 motion, the petitioner must request permission directly from the applicable court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  Petitioner cannot sidestep this procedural requirement by masquerading his successive petition as a § 2241 petition.

In sum, because the Gainesville Division of the Northern District of Florida is not a proper venue and because the petition would be a successive petition–even if it was transferred to the Middle District of Florida—the petition should be dismissed for improper venue and not transferred because a transfer to the Middle District of Florida is not in the interests of justice.

Accordingly, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, should be **DISMISSED** for improper venue, and the motion for leave to proceed *in forma pauperis*, Doc. 2, should be **DENIED as moot.**

**IN CHAMBERS** this 22nd day of October 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case No: 1:14-cv-198-MP-GRJ